IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THOMAS C. RIDLEY,                    CASE NO.: 6:08-CV-749-ORL-28-GJK

    Plaintiff,

v.

SEARS HOME IMPROVEMENT
PRODUCTS, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL

COMES NOW the Plaintiff, Thomas C. Ridley, who files this complaint against Defendant, Sears Home Improvement Products, Inc. for racial discrimination, retaliation and constructive discharge and alleges:

### COUNT I.

1. This is an action for declaratory, injunctive relief and damages brought by Plaintiff, Thomas C. Ridley against Defendant, Sears Home Improvement Products, Inc., brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(4). Injunctive and declaratory relief, as well as damages, are authorized pursuant to 42 U.S.C. § 2000e-5(f) and (g).

3. Plaintiff, Thomas C. Ridley, whose race is black, was hired by Defendant on May 16, 2005 as a Sales Representative for Defendant's Kitchen Department.

4. Defendant, Sears Home Improvement Products, Inc., is a Illinois corporation which is registered to do business in the State of Florida and regularly conducts business through the Central Florida area.

5. Defendant, through its lawful representatives, engaged in a pattern or practice of discrimination based on race which is evident by the following:

A. Sales leads, which all sales representatives for Defendant rely heavily on, were distributed by the district sales manager in a discriminatory manner. The Plaintiff was given leads to predominantly poor, minority communities whose leads of sales to calls (closing ratios) were the lowest in the territory for the facility that the Plaintiff operated out of. However, other employees, who were not minorities who were employed under the same district sales manager were given their leads in communities with significant higher average incomes and closing rations.

B. Disproportionate assignments along racial lines was a deviation from Defendant's sales operating procedures. Even though Plaintiff would have a higher net closing percentage, the better leads, leads in communities with higher incomes and traditionally higher closing ratios, would be given to non-minorities. There were periods of time that the Plaintiff had the highest net closing percentages of all sales representatives but was still given leads in communities with the lowest closing ratios while non-minority sales representatives with lower net closing percentages were given leads in communities with higher closing ratios.

2

C.  A common practice for the district sales manager was to give sales representatives the necessary leads to earn a bonus if the salesperson was close to hitting the bonus for monthly sales. The Plaintiff was close to hitting the requisite sales during particular months to obtain bonuses several times and brought this to the attention of the district sales manager. The district sales manager refused to give the Plaintiff the necessary leads to obtain a bonus and yet on multiple occasions would give quality leads to non-minority sales representatives who were close to bonuses in order to obtain the requisite sales numbers to obtain the bonuses.

D.  In one month, January 2006, the Kitchen Department hired five new non-minorities and despite not having any proven sales records or closing ratios were given leads in areas of high income and high closing ratios while the Plaintiff continued to receive leads in lower income areas with lower closing percentages.

E.  On February 15, 2006 the district sales manager submitted an e-mail to Plaintiff and other co-workers which was a racially insensitive attack on immigrants from Mexico.

6.  As a result of the aforesaid discrimination the Plaintiff has suffered economic losses.

7.  The Plaintiff has further suffered emotional pain, suffering, inconvenience and non-pecuniary losses from which the Plaintiff seeks compensatory damages.

8.  The actions of Defendant through its lawful representatives as stated above was in reckless indifference to the Plaintiff's statutorily protected rights from which the Plaintiff seeks punitive damages.

9. The Plaintiff filed a Complaint of Discrimination with the Equal Employment Opportunity Commission which issued a Right to Sue Notice dated February 8, 2008. Attached as **Exhibit "A"** is a copy of this Notice.

WHEREFORE, Plaintiff, Thomas C. Ridley, respectfully requests that this Court enter a judgment declaring that the acts and practices complained herein are in violation of Title VII and enjoin and permanently restrain these violations of Title VII; direct Defendant, Sears Home Improvement Products, Inc., to take such affirmative action as is necessary, including placement into the position that Plaintiff should have been placed into but for the discriminatory practices of Defendant, and to ensure that the effects of these unlawful employment practices are eliminated and do not continue to effect Plaintiff's employment opportunities; award loss of wages and benefits; award Plaintiff compensatory damages; award Plaintiff punitive damages; award the Plaintiff the costs of this action together with reasonable attorney's fees as provided by § 706k Title VII, 42 U.S.C. § 2000e-5k; and granting such other and further relief as this Court deems necessary and proper.

## COUNT II.

10. This is an action for retaliation brought by Plaintiff, Thomas C. Ridley against Defendant, Sears Home Improvement Products, Inc., brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Injunctive and declaratory relief, damages and other appropriate relief are sought pursuant to 42 U.S.C. § 2000e-(f) and (g).

11. This Court has jurisdiction under 28 U.S.C. § 1331 and § 1343(4).

12. Plaintiff, Thomas C. Ridley, realleges paragraphs 3 through 5 and paragraphs 8 and 9 of Count I.

13. Plaintiff complained directly to the district sales manager of the fact that the assignments were unfair, discriminatory, and in violation of its own operating procedures. The district sales manager failed to correct the discriminatory treatment. The Plaintiff went to the Human Resources Department as well as contacting Sears "Ethics Hotline."

14. As a result of these complaints of discrimination management for Defendant engaged in a series of retaliatory acts which includes the following:

A. On December 1, 2005 the Plaintiff was provided two leads that belonged to the Miami office. This was three hours away from the office where the Plaintiff was assigned to. The Plaintiff approached his district sales manager and stated that these leads must be a mistake. The district sales manager told him "just run them." The Plaintiff has confirmed that the Orlando office contacted the Miami office requesting two days of leads to run.

B. Five non-minority new hires were given leads to high income, high closing ratio areas even though they had no proven sales records or high closing ratios because they were new while the Plaintiff was denied these opportunities.

C. The Plaintiff was required to come in at 7:00 a.m. to go over office, sales and lead issues while others were required to come in at 9:00 a.m. Since the Plaintiff was a proven salesperson, was aware of and followed office and sales protocols there was no legitimate reason to require the Plaintiff to prepare two hours earlier than any one else other than to harass the Plaintiff.

D.     Beginning on March 2006 the Plaintiff was not provided any Saturdays off while other sales representatives had consecutive Saturdays off and longer weekends. The Plaintiff made his district sales manager aware of his displeasure of not receiving Saturdays or any weekends off but the district sales manager continued to schedule others to have Saturday and weekends off while working the Plaintiff on Saturday through the month of April. When confronted with this continuation of not allowing the Plaintiff an opportunity to have a day off during a weekend the district sales manager said, "oh well" and walked away.

E.     The very next day after calling the Ethics Hotline to complain about the Defendant's district sales manager's unfair treatment of minorities the Plaintiff received a step 4 write-up that was considered a major violation. This write-up dealt with past performances that would not normally result in write-ups, or if there were write-ups would be a lower level write-up (step 1). This write-up was a deviation from the normal progressive disciplinary process of Sears.

F.     The district sales manager began to increase his scrutiny over the Plaintiff by calling his leads to look for information to discredit his sales process or discover any company discrepancies. Even though there was no complaints by customers or potential customers of Sears the district sales manager went to great efforts in order to find a reason to issue a write-up.

G.     The Plaintiff was given a second step 4 write-up on baseless grounds. In essence, the Plaintiff was written-up for doing his job as he was trained since the write-up was for the Plaintiff informing customers of the names of outside companies where they could obtain products that Sears could not provide such as

6

countertops. This action by the Plaintiff was consistent with his training to give helpful advice to customers.

H. In April 2006 the Plaintiff was given eleven leads when normally the average leads are approximately twenty-four per month.

I. Plaintiff requested a transfer so as to avoid working under the discriminatory and retaliatory management but was refused.

15. As a result of this retaliatory behavior, the Plaintiff, Thomas C. Ridley, suffered economic losses.

16. The Plaintiff has further suffered as a result of the retaliatory conduct by the Defendant through emotional pain, suffering, inconvenience and other non-pecuniary losses.

WHEREFORE, Plaintiff, Thomas C. Ridley, respectfully requests that this Court enter a judgment declaring that the acts and practices complained herein are in violation of Title VII and enjoin and permanently restrain these violations of Title VII; direct Defendant, Sears Home Improvement Products, Inc., to take such affirmative action as is necessary, including placement into the position that Plaintiff should have been placed into but for the discriminatory practices of Defendant, and to ensure that the effects of these unlawful employment practices are eliminated and do not continue to effect Plaintiff's employment opportunities; award loss of wages and benefits; award Plaintiff compensatory damages; award Plaintiff punitive damages; award the Plaintiff the costs of this action together with reasonable attorney's fees as provided by § 706k Title VII, 42 U.S.C.

§ 2000e-5k; and granting such other and further relief as this Court deems necessary and proper.

## COUNT III.

17.     This is an action at law for constructive discharge based on the combination of discrimination and retaliation as stated above, brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Injunctive and declaratory relief, damages and other appropriate relief are sought pursuant to 42 U.S.C. § 2000e-(f) and (g).

18.     This Court has jurisdiction under 28 U.S.C. § 1331 and § 1343(4).

19.     Plaintiff, Thomas C. Ridley, realleges paragraphs 3 through 5 and paragraphs 8 and 9 of Count I and paragraphs 13 through 14 of Count II.

20.     Based on the aforesaid acts of discrimination and the retaliation the Plaintiff sought professional help due to the impact on Plaintiff's mental status at the time.

21.     The combination of discriminatory and retaliatory acts as stated in Count I and II above compelled the Plaintiff to resign his position in September 2006 an act which constitutes a constructive discharge as a matter of law.

22.     As a result of this constructive discharge the Plaintiff, Thomas C. Ridley, has suffered and continues to suffer economic losses with loss of pay and benefits.

23.     The Plaintiff has further suffered as a result of the loss of his position emotional pain, suffering, inconvenience and other non-pecuniary losses.

WHEREFORE, Plaintiff, Thomas C. Ridley, respectfully requests that this Court enter a judgment declaring that the acts and practices complained herein are in violation

of Title VII and enjoin and permanently restrain these violations of Title VII; direct Defendant, Sears Home Improvement Products, Inc., to take such affirmative action as is necessary, including placement into the position that Plaintiff should have been placed into but for the discriminatory practices of Defendant, and to ensure that the effects of these unlawful employment practices are eliminated and do not continue to effect Plaintiff's employment opportunities; award loss of wages and benefits, award front pay in the event that reinstatement is impractical or impossible; award Plaintiff compensatory damages; award Plaintiff punitive damages; award the Plaintiff the costs of this action together with reasonable attorney's fees as provided by § 706k Title VII, 42 U.S.C. § 2000e-5k; and granting such other and further relief as this Court deems necessary and proper.

**PLAINTIFF FURTHER DEMANDS A TRIAL BY JURY.**

_____   _____
EDWARD R. GAY, ESQUIRE              Thomas C. Ridley
Fla. Bar No. 342084                 Plaintiff
1516 E. Concord Street
Orlando, Florida 32803
(407) 898-1871
Trial Counsel for Plaintiff

STATE OF FLORIDA
COUNTY OF ORANGE

BEFORE ME, the undersigned officer, duly authorized to administer oaths and take acknowledgments, personally appeared, THOMAS C. RIDLEY,

_____ who is personally known;
___✓___ who is not known to me but who produced a _FDL R340 823 650/3-0_
             as identification;
_____ who did take an oath;
_____ who did not take an oath;

who after being sworn by me, deposes and says that he has read the contents and they are true and correct.

SWORN TO AND SUBSCRIBED this _____ day of May, 2008.

_____
Notary Public
My Commission Expires

MARGARET K. POTTER
Comm# DD0382903
Expires 1/2/2009
Bonded thru (800)432-4254
Florida Notary Assn., Inc