# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THOMAS C. RIDLEY,**

        **Plaintiff,**

**-vs-**                                                           Case No. 6:08-cv-749-Orl-28GJK

**SEARS HOME IMPROVEMENT**
**PRODUCTS, INC.,**

        **Defendant.**
_____

## REPORT AND RECOMMENDATION

### TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** DEFENDANT, SEARS HOME IMPROVEMENT PRODUCT, INC.'S MOTION TO TAX COSTS AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 74)
>
> **FILED:** December 28, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

On July 25, 2008, Thomas C. Ridley (the "Plaintiff") filed an amended complaint ("Complaint") against Sears Home Improvement Products, Inc. ("Defendant") alleging: 1) race discrimination (Count I); 2) retaliation (Count II); 3) constructive discharge (Count III); 4)

sexual harassment (Count IV); and 5) religious discrimination (Count V), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"). Doc. No. 13. On August 20, 2009, Count V of Plaintiff's case was voluntarily dismissed. Doc. No. 33. On November 25, 2009, the Court entered summary judgment in favor of Defendant on Counts I, III, and IV. Doc. No. 50. At trial, on December 11, 2009, the jury returned a verdict in favor of Defendant as to Count II. Doc. Nos. 60, 66. On December 14, 2009, the Clerk entered Judgment in favor of the Defendant and ordered that Defendant shall recover its costs from Plaintiff. Doc. No. 70.

On December 28, 2009, Defendant filed a Motion Tax Costs and Incorporated Memorandum of Law ("Motion") pursuant to Rule 54(d), Federal Rules of Civil Procedure, and 28 U.S.C. § 1920. Doc. No. 74. Defendant attached a Bill of Costs wherein it seeks to recover $11,640.35 in taxable costs incurred in this case. *Id.* The costs include: 1) service of summons and subpoena ($75.00); 2) printed or electronically recorded transcripts necessarily obtained for use in the case ($8,860.30); 3) witnesses ($2,116.46); and 4) making copies of materials necessarily obtained for use in the case ($588.59). Doc. No. 74-1. In the Motion, Defendant seeks subsistence costs for James Poole's attendance at trial for 5 days, for total costs of $1,487.88, and for Stephanie Yanczura's attendance at trial for 3 days, for a total of $440.88. Doc. No. 74-1 at 2.[1]

On January 8, 2010, Plaintiff filed a response ("Response") in opposition to the Motion. Doc. No. 77. Plaintiff raises three issues in his Response. First, Plaintiff states that with respect to the deposition charges for Denry Brown, deposition transcript of Gary Oroian and deposition transcript of Lowell Merklin, totaling $2,849.19, Defendant has already obtained a judgment as

---

[1] Defendant seeks hotel accommodations at a rate of $160.92 per night for 4 nights and car rental at a rate of $36 per day for 5 days for James Poole, and hotel accommodations at a rate of $66.08 per night for 2 nights and car rental for $35.50 per day for 3 days for Stephanie Yanczura. Doc. No. 74-1 at 5.

to those costs in a related case styled *Matias v. Sears Home Improvement Products, Inc.*, Case No.: 6:08-cv-340-Orl-18GJK. Doc. No. 77 at 1-2.[2] Therefore, Plaintiff argues that the Defendant should not be allowed to obtain a separate judgment on identical expenses. *Id.* (citing *Ferrall v. Bradford*, 2 Fla. 508, 1849 WL 1269 (Fla. 1849)). Second, Plaintiff argues that the subsistence costs for James Poole to attend trial should be reduced to only the days he actually testified at trial, which would reduce his hotel room for two nights to $321.84 and his car rental to $72.00. Doc. No. 77 at 2. James Poole testified the afternoon of December 10, 2009, from 12:42 p.m. to 4:40 p.m., and the following morning of December 11, 2009, from 8:40 a.m. to 9:45 a.m. *See* Doc. Nos. 57, 60. Therefore, Plaintiff maintains that the costs should cover only two nights of lodging and three days of car rental. Doc. No. 77 at 2.[3] Finally, Plaintiff maintains that because Stephanie Yanczura only testified briefly on day three of the trial, December 11, 2009, from 10:10 a.m. to 11:30 a.m., only one night of hotel and car rental was necessary rather than the two days charged, which would reduce her costs to $101.58. *Id.* at 2-3; *see* Doc. No. 60.[4] Plaintiff seeks a total reduction in the amount of $3,416.11 which would reduce the total costs from $11,640.35 to $8,224.24. *Id.*

## II. LAW

Rule 54(d), Federal Rules of Civil Procedure, states:

> Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party.

---

[2] *See* Case No.: 6:08-cv-340-Orl-18GJK, Doc. Nos. 46-48.
[3] Mr. Poole traveled from Phoenix, Arizona. Doc. No. 74 at 9. The basis of Plaintiff's argument is that Mr. Poole could have arrived in Orlando, Florida on December 9, 2009, and returned to Phoenix after testifying on December 11, 2009. Therefore, he would only need a car rental for three days and lodging for two days.
[4] Mr. Yanczura traveled from Columbus, Ohio. Doc. No. 74 at 9. Therefore, Plaintiff argues that because she could have flown in the night prior to testifying, December 10, 2009, and returned to Columbus on December 11, 2009, after testifying, only night of lodging and car rental was necessary.

Fed. R. Civ. P. 54(d). Pursuant to 28 U.S.C. §1920, the following costs are taxable:

1) Fees of the clerk and marshal;

2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

3) Fees and disbursements for printing and witnesses;

4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

5) Docket fees under section 1923 of this title;

6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Filing fees, costs of service of process, photocopies, expert witness fees, and travel expenses are allowable under the statutes to the extent reasonable. *See Cullens v. Georgia Dept. of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994); *Helms v. Wal-Mart Stores, Inc.*, 808 F.Supp. 1568, 1570-72 (N.D. Ga. 1992). With respect to witnesses, 28 U.S.C. § 1821 states:

> (c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.
>
> . . .
>
> (4) All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to section 1920 of this title.
>
> (d)(1) A subsistence allowance shall be paid to a witness when an <u>overnight stay is required</u> at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.

4

28 U.S.C. § 1821 (emphasis added).  "Collectively, 28 U.S.C. §§ 1821 and 1920(3) authorize the award of costs to reimburse witnesses for their reasonable travel and lodging expenses." *Majeske v. City of Chicago*, 218 F.3d 816, 825-26 (7th Cir. 2000) (citing *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64-65 (5th Cir.1994); *Chicago College of Osteopathic Med. v. George A. Fuller Co.*, 801 F.2d 908, 910 (7th Cir.1986)).

## III.  APPLICATION

The Defendant is the prevailing party in the present case.  Doc. No. 70.  Accordingly, Defendant is entitled to an award of costs allowed under 28 U.S.C. § 1920. Fed. R. Civ. P. 54(d). As set forth above, Defendant has already obtained a judgment as to the depositions costs of Denry Brown, Gary Oroian and Lowell Merkin in a related case styled *Matias v. Sears Home Improvement Products, Inc.*, Case No.: 6:08-cv-340-Orl-18GJK.  Doc. No. 77 at 1-2.[5] Accordingly, Defendant is not entitled to a separate judgment in this case for those identical costs. *See Ferrall v. Bradford*, 2 Fla. 508, 1849 WL 1269 (Fla. 1849) ("A judgment without satisfaction, recovered against one of two or more joint debtors, is a bar to an action against the others.").  Therefore, the requested costs shall be reduced by $2,849.19.

With respect to the lodging and car rental expenses of James Poole and Stephanie Yanczura, the Defendant is entitled to reimbursement for their *reasonable* travel and lodging expenses. *Majeske*, 218 F.3d at 825-26.  Defendant does not provide any authority indicating that Plaintiff must pay for the subsistence costs of a witness to attend an entire trial, including the days he or she did not testify.  Accordingly, the Court recommends that the witness costs for James Poole and Stephanie Yanczura be reduced.

---

[5] *See* Case No.: 6:08-cv-340-Orl-18GJK, Doc. Nos. 46-48.

In the Response, Plaintiff seeks to reduce Mr. Poole's costs to two nights of lodging and car rental, and he seeks to reduce Mr. Yanczura's costs to one night of lodging and car rental. Doc. No. 77 at 2-3. However, based on Plaintiff's calculations, it appears he actually intended to reduce Mr. Poole's car rental to three nights and Mr. Yanczura's car rental to two nights. *Id.* The Court agrees with the latter allocation and the ultimate calculations determined by Plaintiff.

Because James Poole testified on two separate days, the Defendant should receive lodging costs for two nights at a rate of $160.92 per night and car rental for three days at a rate of $36.00 per day. Defendants are entitled to three days of car rental as opposed to two because Mr. Poole would need a means of transportation upon arriving to Orlando, Florida on December 9, 2009, through his return to Phoenix on December 11, 2009. Therefore, his requested costs should be reduced by $429.84 ($321.84 [$160.92 x 2] + $108.00 [$36.00 x 3]). Likewise, with respect to Stephanie Yanczura who testified only one day at trial, the Defendant should receive lodging costs for one night, and car rental costs for two nights, for a total sum of $101.58 ($66.08 + $35.50). Her costs should be reduced by $137.08 ($71.00 [$$35.50 x 2] + $66.08 [$132.16 – $66.08]). Therefore, it is recommended that costs be reduced from $11,640.35 to $8,224.24 as follows:

1. $2,849.19 for the deposition costs of Denry Brown, Gary Oroian and Lowell Merklin;

2. $429.84 for additional car rental and lodging expenses sought for James Poole; and

3. $137.08 for additional car rental and lodging expenses sought for Stephanie Yanzura.

## IV. CONCLUSION

For the above stated reasons, it is **RECOMMENDED** that:

1) The Motion (Doc. No. 25) be **GRANTED in part** and **DENIED in part**; and

2) Costs in the amount of $8,224.24 be taxed against the Plaintiff.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 11, 2010.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE